IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11395
Summary Calendar
_____

ANITA SCHADLER,

                                        Plaintiff-Appellee,

versus

ANTHEM LIFE INSURANCE COMPANY;
ANTHEM BENEFIT SERVICES, INC.;
ACORDIA BENEFITS OF THE SOUTH, INC.;
ALLIED SIGNAL, INC; ALLIED SIGNAL
TECHNICAL SERVICES CORPORATION;
ALLIED SIGNAL TEAM/WHITE SANDS,

                                        Defendants-Appellants.

_____

Appeals from the United States District Court for
the Northern District of Texas
(U.S.D.C. No. 3:95-CV-1044-D)
_____
June 28, 2000

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Appealing from the judgment against it, Anthem Life Ins. Co. contends that the

district court erred in finding that the ERISA administrator abused his discretion in

denying benefits under the Accidental Death, Dismemberment, and Loss of Sight

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Insurance policy to appellee Anita Schadler.  We affirm.

Anthem argues that the policy's intentionally self-inflicted injury exclusion precludes Shadler from recovering under the policy.  The exclusion provides that "[n]o benefits will be paid for losses caused or contributed to by . . . intentionally self-inflicted injury."  The policy defines "injury" as "injury to the body that is sustained by accident."

The administrator denied Schadler benefits on the grounds that "Mr. Schadler died as a result of illicit drug use, and therefore, his death was the result of a self-inflicted injury."  The record demonstrates that Mr. Schadler's intentional use of illicit drugs was a but-for cause of his death.  But the record also demonstrates that Mr. Shadler did not intend his drug use to result in death.

This case therefore turns on whether the administrator abused his discretion in determining that Mr. Schadler's act of drug use was an "injury" under the terms of the policy.  If his drug use was, in itself, an "injury" under the policy,  then such injury was intentional and the exclusion precludes recovery because the drug use "caused or contributed to" Shadler's death.  If, however, the "injury" suffered was death, then the exclusion does not apply since the uncontradicted record establishes that Mr. Schadler did not intend this injury.

We review a plan administrator's application of a plan's terms to the facts for abuse of discretion, but where, as here, the administrator has an interest in denying coverage, we may scrutinize his conclusions more closely.[1]

We find that the administrator's interpretation of the act of drug use as an "injury" in itself under the policy was an abuse of discretion.  In the context of an accidental death

_____

[1]Vega v. Nat. Life. Ins. Services, Inc., 188 F.3d 287, 297 (5th Cir. 1999)(en banc).

policy, the plain meaning of "injury" is not the equivalent of the physical action. Indeed, the policy defines injury as "an injury to the body that is sustained by accident." In addition, the policy contains a separate exclusion for losses "caused or contributed to by . . . the taking of drugs . . . when done on a voluntary basis" except when the drugs are taken on "the advice of a physician."[2] If drug use can be defined as an "injury" under the policy, then the drug use exclusion is superfluous. The self-inflicted injury exclusion–fairly read–therefore does not bar Schadler's claim.

But this is not the end of the inquiry. The policy only pays benefits "for losses that . . . are caused by Injuries [sustained] in an accident." We must therefore determine if Mr. Shadler's death was the result of an accident.

As we instructed the administrator when this case was previously before us on appeal, Mr. Schadler's death was not the result of an accident if "a reasonable person, with background and characteristics similar to the insured, would have viewed the injury as highly likely to occur as a result of the insured's intentional conduct."[3] The administrator concluded "that a reasonable person, with background and circumstances similar to Mr. Schadler, would have viewed the injury as highly likely to occur as a result of an intentional act." Both the medical examiner's report and the testimony of Herbert Munden, M.D., however, state that Mr. Schadler's death was accidental under this standard, and there is no evidence in the record to the contrary. The administrator abused his discretion in denying benefits under the policy.

---

[2]We previously ruled that Anthem could not rely on this exclusion to deny benefits under the policy because it was not included in the summary plan documents. Schadler v. Anthem Life Ins. Co., 147 F.3d 388, 393 (5th Cir. 1998).

[3]Schadler, 147 F.3d at 397, n. 10.

Finally, Schadler requests that we remand to allow the district court to determine whether attorney's fees are appropriate as to the appeal only.  We decline to reach that issue because the appellee  has not brought up a record of the district court's order denying attorney's fees and has not petitioned for attorney's fees under 5th Cir. R. 47.8.1.

**AFFIRMED.**